IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
GJ&L, INC.,                     *
                                *
        Plaintiff,              *
                                *
    v.                          *    CV 117-179
                                *
CNH INDUSTRIAL AMERICA, LLC,    *
                                *
        Defendant.              *
```

O R D E R

Defendant CNH Industrial America, LLC removed Plaintiff GJ&L, Inc.'s action for breach of contract from the Superior Court of Richmond County on December 27, 2017. (Doc. 1.) Presently before the Court are Defendant's motions to file exhibits under seal. (Docs. 4, 6.)

Defendant requests that Exhibit A of its Removal Notice (doc. 1), and Exhibit A and B of its Answer to Plaintiff's Complaint be filed under seal. The exhibits are the 2008 and 2010 Dealership Agreement ("Dealership Agreements") between Plaintiff and Defendant. The right to access judicial records pursuant to common law is well established. See, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and copying of court

records and documents. Nixon, 435 U.S. at 597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 598 (1982). A party that wants to file a document under seal must demonstrate good cause. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001) When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. Bridgestone/Firestone, Inc., 263 F.3d at 1311; Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). Courts consider, among other things: whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005).

The Court's Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal. This Court does not allow the automatic filing of documents under seal. Rather, a "person desiring to have any matter placed under seal

shall present a motion setting forth the grounds why the matter presented should not be available for public inspection." L.R. 79.7. "The permanent sealing of a Court record is not preferred and should be sought only where temporary sealing is not adequate to protect the interest at stake." Id.

Defendant has shown good cause for filing the 2008 and 2010 Dealership Agreements under seal. The Dealership Agreements, which are central to this case, include proprietary information, including confidential performance milestones and service information.[1] (Docs. 4, 6.) Having reviewed these records, the Court finds that the need to seal the Dealership Agreements outweighs the public interest in accessing these records. Accordingly, Defendant's motion is granted.

Upon due consideration, Defendant's motions to seal (docs. 4, 6) are **GRANTED**. The Clerk is hereby **DIRECTED** to file Exhibit A of Defendant's Notice of Removal (doc. 1), and Exhibit A and B of Defendant's Answer to Plaintiff's Complaint (doc. 5) **UNDER SEAL** until further order of this Court.

---

[1] Although Defendant did not attach the agreements to its motion, the agreements were emailed to the Clerk of Court.

3

**ORDER ENTERED** at Augusta, Georgia, this 17th day of January, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA