```
IN THE UNITED STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF GEORGIA
                AUGUSTA DIVISION
```

GJ&L, INC.,                     *
                                *
        Plaintiff,              *
                                *
    v.                          *       CV 117-179
                                *
CNH INDUSTRIAL AMERICA, LLC,    *
                                *
        Defendant.              *

# O R D E R

Before the Court are the parties' motions to file under seal (docs. 21, 24, 27) and Plaintiff's motion to unseal the Dealership Agreement (doc. 26).

## I. BACKGROUND

This case revolves around a dealership agreement that the parties executed in 2008 ("Dealership Agreement"). Plaintiff brought suit for breach of contract in the Superior Court of Richmond County, Georgia on November 16, 2017. (Doc. 1-1.) After removing the case to this Court, Defendant moved to seal the Dealership Agreement, which was attached to Plaintiff's complaint. The Court found Defendant's privacy interest in the Dealership Agreement outweighed the historical presumption of public access. (Doc. 9.)

On February 19, 2018, Plaintiff filed a motion for summary judgment. Attached to its motion was an updated version of the Dealership Agreement ("Draft Dealership Agreement"). (Doc. 17-2.) Defendant moves to file the "Serial Detail Report" under seal and to seal the Draft Dealership Agreement. (Doc. 21.) Plaintiff opposes sealing the Draft Dealership Agreement and further moves to unseal the original Dealership Agreement. (Doc. 26.) Plaintiff also moves to file under seal Exhibits 10-13 of Brett Arrowood's Supplemental Affidavit and the "Sales Tax Report." (Docs. 24, 27.)

## II. DISCUSSION

In a motion to seal, courts determine good cause by balancing the historical presumption of access against the movant's privacy interests. Bridgestone/Firestone, Inc., 263 F.3d at 1311; Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). Courts consider, among other things: (a) whether allowing access would impair court functions or harm legitimate privacy interests; (b) the degree of and likelihood of injury if the documents were made public; (c) the reliability of the information; (d) whether there will be an opportunity to respond to the information; (e) whether the information concerns public officials or public concerns; and (f) the availability of a less drastic alternative. Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005).

2

A. **Plaintiff's Motions to Seal and Unseal**

Plaintiff moves to file under seal Exhibits 10-13 of Brett Arrowood's Supplemental Affidavit and the "Sales Tax Report." (Docs. 24, 27.) The exhibits include copies of Defendant's "end use" forms (doc. 23-1, Ex. 10), screenshots of Defendant's Electronic Settlement System (id., Ex. 11), and invoices from Plaintiff's dealership (id., Exs. 12, 13). The parties agree that the exhibits and the "Sales Tax Report" contain information about Plaintiff's customers that, if released, would harm both parties' reputation.[1] Moreover, the documents do not include information about public officials and sealing these documents will not affect either party's ability to respond. Therefore, Plaintiff has shown that its privacy interest in Exhibits 10-13 of Brett Arrowood's Supplemental Affidavit and the "Sales Tax Report" outweigh the historical presumption of access.

Plaintiff also moves to unseal the Dealership Agreement, which was sealed pursuant to the Court Order of January 4, 2018. (Doc. 9.) Plaintiff claims that Defendant has no privacy interest in the Dealership Agreement because Defendant made no effort to ensure the Dealership Agreement's confidentiality. Plaintiff alleges that it never agreed to keep the Dealership Agreement confidential and that Plaintiff is "otherwise free to publish [the Dealership Agreement] on the internet." (Doc. 26,

---

[1] Defendant has consented to both of Plaintiff's motions to seal.

at 1.) Nevertheless, Defendant's failure to ensure that the Dealership Agreement would remain confidential outside of these proceedings does not automatically divest any privacy interest. Although Defendant failed to ask Plaintiff to sign a confidentiality agreement, Defendant has been fastidious in its effort to keep the Dealership Agreement off the record. (See, e.g., Docs. 4, 6, 15.) Defendant has dealers throughout the country, revealing the individual milestones in the Dealership Agreement could impair Defendant's bargaining position with its dealers and its ability to compete with other manufacturers. Accordingly, Defendant has a privacy interest in the Dealership Agreement.

Surprisingly, Plaintiff does not allege that it will suffer any prejudice from sealing the Dealership Agreement. Instead, Plaintiff attempts to show that the Dealership Agreement is a matter of public interest. Plaintiff argues that sealing the Dealership Agreement would harm the public's ability to assess the Court's decision in Plaintiff's motion for summary judgment. Yet the Court has not ruled on Plaintiff's motion. Defendant's present, concrete privacy interest outweighs this future, speculative public interest.[2]

---

[2] Because the Draft Dealership Agreement raises the same competing interests as the Dealership Agreement, Defendant has shown good cause to seal the Draft Dealership Agreement.

## B. Defendant's Motion to File Under Seal

Defendant also moves to seal the "Serial Detail Report," which was attached to Defendant's response to Plaintiff's motion for summary judgment. (Doc. 21.) The "Serial Detail Report" includes financial information about Plaintiff's sales, which both parties have agreed to keep confidential. The information in the "Serial Detail Report" does not involve public officials and sealing the document will not affect either party's ability to litigate this case. Therefore, Defendant has shown good cause to file the "Serial Detail Report" under seal.

Upon due consideration, the parties' respective motions to file under seal (doc. 21, 24, 27) are **GRANTED**, and Plaintiff's motion to unseal the Dealership Agreement (doc. 26) is **DENIED**. The Clerk is hereby **DIRECTED** to file the following documents **UNDER SEAL** until further order of this Court: the Draft Dealership Agreement (doc. 17-2), the "Serial Detail Report" (doc. 19-1), Exhibits 10-13 of Brett Arrowood's Supplemental Affidavit (doc. 23-1), and the "Sales Tax Report."

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of April, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5