**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| GJ&L, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION FILE NO.: |
| | ) 1:17-cv-00179-JRH-BKE |
| CNH INDUSTRIAL AMERICA, LLC | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**AGREED PROTECTIVE ORDER**

Plaintiff, GJ&L, Inc., and Defendant, CNH Industrial America LLC, having agreed and stipulated to entry of an Order for the protection of information,

IT IS HEREBY ORDERED AND AGREED THAT

1. Any party, or any third person subject to subpoena in this action, in the production or disclosure of its documents, things or deposition transcripts, which upon the good faith review by its counsel are found to be referring to, depicting, or evidencing confidential business information, trade secrets, medical documents, personal financial information, social security numbers, or any other personal identifiers, which that party wishes to be subject to this Protective Order (hereinafter "protected subject matter"), may designate the same as **"CONFIDENTIAL"** (may be referred to as **"CONFIDENTIAL"** Information). For the purposes of this Order, the party seeking such confidential status of its documents shall be referred to as "the designating party."

2. **"CONFIDENTIAL"** information shall not include any document, information or other materials which:

1

a. are, at the time of disclosure, in the public domain by publication or otherwise;

   b. the disclosing party, at the time of the disclosure, intends to make part of the public domain;

   c. have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party;

   d. are not under law entitled to be treated as confidential;

   e. are already in the possession of the receiving party and were obtained by legal means and not subject to an obligation of confidence to the party claiming its confidential nature; or

   f. are made available to a party by a third party who obtained the same by legal means and not subject to an obligation of confidence to the party claiming its confidential nature.

3. With respect to protected subject matter produced subject to this Order, all tangible items of protected subject matter so designated will be visibly marked by the designating party as **"CONFIDENTIAL"** and shall be subject to this Order.

4. However, in the event that the designating party elects to produce or has already produced files and records for inspecting, and the inspecting party desires to inspect or has already inspected files, no marking need be made by the designating party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files shall be considered as marked **"CONFIDENTIAL."** Thereafter, upon selection of specified documents for copying by the inspecting party, the designating party shall mark the copies of

such documents as may contain subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

     5.     With respect to the deposition of any person, the designating party shall have until thirty (30) days after receipt of the deposition transcript to designate all or any portion of said deposition **"CONFIDENTIAL",** and the right to make such designations shall be waived unless made within the thirty (30) day period. Furthermore, at the time of any such deposition, the designating party may verbally inform the receiving party that certain information, documents or things are to be designated as **"CONFIDENTIAL".** In accordance with such verbal designation, any and all persons, <u>excepting</u> the Court Reporter (or like individual), the deponent and those individuals authorized to review such information shall leave said deposition until such time as that portion of the deposition is concluded.

     6.     All protected subject matter designated as **"CONFIDENTIAL"** shall not be disclosed by the receiving parties to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of counsel for the parties or by order of the Court, except that the **"CONFIDENTIAL**" designation shall not limit a party's ability to use information therein that was already available to it or is available to it from other sources.

     7.     Protected subject matter shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone other than:

    (a)    Attorneys of record in this litigation or inside counsel of a party working directly on this litigation, and employees of such counsel to whom it is necessary that the material be shown for purposes of this litigation, or

(b) Persons retained or specifically employed by a party or counsel specified in subparagraph (a) to assist in the preparation of this litigation for trial including, but not limited to, persons with expertise relevant to the issues in this lawsuit, or other technical experts, or

(c) Any other person whose testimony is noticed to be taken in this litigation, except that such a person may only be shown protected subject matter during his or her testimony and in preparation for it and only to the extent necessary for such preparation and testimony and only after being advised of this Order, its meaning and purpose, or

(d) A party, its owners, officers, employees or representatives, after being advised by counsel of this Order, its meaning and purpose, or

(e) Court reporters and their staff, or

(f) The Court and its staff.

8. With respect to documents designated **"CONFIDENTIAL",** any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof may be shown the same.

9. If any party files with the Court any pleading, interrogatory answer, affidavit, motion, brief or other paper containing, summarizing, excerpting or otherwise embodying **"CONFIDENTIAL"** information, the party shall comply with the Local Rules pertaining to the filing of same and seek to have the confidential portion of such filing redacted, or filed under seal as necessary.

10. Prior to the use of any **"CONFIDENTIAL"** information at the pretrial hearing in this litigation, discovery counsel shall take reasonable steps to afford counsel for the designating party the opportunity to object to the disclosure of such information in open court.

11. Any party at any time may object in writing to the designation of any material as **"CONFIDENTIAL"** information. Within thirty (30) days from the receipt of such objection, the party to whom it is addressed must reply by writing. Upon a failure to reach agreement, the designating party shall file and serve a motion upon the parties hereto, and any other person entitled to notice under applicable law, for an order maintaining the classification of the document, upon good cause shown. Pending Court Order, the proscription of this Order shall remain in effect. The designation of any document as **"CONFIDENTIAL"** shall not create any presumption that the documents so designated are **"CONFIDENTIAL"**; and shall not shift the burden of establishing entitlement to **"CONFIDENTIAL"** treatment. The provisions contained herein shall not apply to any document designated as **"CONFIDENTIAL"** at the time it is made available as to which it is subsequently (i) agreed in writing by the producing party not to be deemed **"CONFIDENTIAL"**; or (ii) ruled by the Court not to be **"CONFIDENTIAL."**

12. This Order is not intended to deal with any discovery objections on the grounds of attorney-client or work product privilege or to preclude any party from seeking relief either from a provision of this Order or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure.

13. Any person in possession of **"CONFIDENTIAL"** information shall exercise reasonable and appropriate care with regard to the storage, custody or use of the **"CONFIDENTIAL"** information in order to ensure that the confidential nature of the same is maintained.

14. When **"CONFIDENTIAL"** information is discussed, quoted or referred to in any deposition, hearing, trial or other proceeding, the disclosing party shall, subject to the Court's

supervision, make reasonable efforts to ensure that only persons qualified to have access are present.

15. Nothing in this Order shall bar or otherwise restrict any attorney of record from rendering advice to his or her client with respect to this litigation, and in the course thereof, referring to or relying generally upon his or her examination of documents or information designated as **"CONFIDENTIAL"** information provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content or source of such information or documents contrary to the terms of this Order.

SO ORDERED this 23rd day of April, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

AGREED TO BY:

| **HULL BARRETT, PC** | **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC** |
|---|---|
| */s/ Christopher A. Cosper* | */s/ Brannon J. Arnold* |
| Christopher A. Cosper | Brannon J. Arnold |
| Georgia Bar No. 142020 | Georgia Bar No. 218034 |
| P.O. Box 1564 | 3344 Peachtree Road, Suite 2400 |
| Augusta, GA 30903-1564 | Atlanta, Georgia 30326 |
| Telephone: 706-722-4481 | Telephone: 404-876-2700 |
| Facsimile: 706-722-9779 | Facsimile: 404-875-9433 |
| CCosper@HullBarrett.com | barnold@wwhgd.com |
| *Attorneys for Plaintiff* | *Attorneys CNH Industrial America LLC* |