FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 AUG -6 PM 3:56
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
GJ&L, INC.,                        *
                                   *
         Plaintiff,                *
                                   *
    v.                             *     CV 117-179
                                   *
CNH INDUSTRIAL AMERICA, LLC,       *
                                   *
         Defendant.                *
```

O R D E R

Before the Court is Plaintiff's Motion for Certificate for Interlocutory Appeal, or, Alternatively, Certification to the Georgia Supreme Court. (Doc. No. 51.) For the following reasons, Plaintiff's motion is **DENIED**.

Plaintiff GJ&L, Inc., is a heavy equipment dealership that sells backhoe loaders, skid steer loaders, bulldozers, crawler dozers, excavators, and wheel dozers. Plaintiff initiated this action to challenge the Dealership Agreement it entered into with Defendant CNH Industrial America, LLC, a heavy equipment manufacturer. Plaintiff alleges that because the products it sells are used for agricultural purposes, the Dealership Agreement is subject to Georgia's Regulation of Agricultural Equipment Manufacturers, Distributors, and Dealers (the "Agriculture Act"), O.C.G.A. § 13-8-11, *et seq.* The Agriculture Act imposes restrictions on franchise agreements that involve the sale of equipment, which is

defined under the act to include "tractors, farm equipment, or equipment primarily designed for or used in agriculture, horticulture, irrigation for agriculture or horticulture, and other such equipment which is considered tax exempt and sold by the franchised equipment dealer." O.C.G.A. § 13-8-12(6).

On February 19, 2018, Plaintiff filed a Motion for Partial Summary Judgement asking the Court to decide, *inter alia*, whether the Dealership Agreement fell under the Agriculture Act. (Doc. No. 17.) Plaintiff insisted that because the equipment it sells is either (1) "used in agriculture" or (2) "other such equipment which is considered tax exempt," the Dealership Agreement falls under the Agriculture Act. On July 9, 2018, the Court denied Plaintiff's Motion for Partial Summary Judgment on the grounds that whether Plaintiff sold equipment, as defined by O.C.G.A. § 13-8-12(6), involved a disputed question of fact (the "Order"). (Doc. No. 50.) Plaintiff insists that the Court's interpretation of O.C.G.A. § 13-8-12(6) is mistaken and on July 17, 2018, Plaintiff filed a motion asking the Court to certify this issue for interlocutory review by the Eleventh Circuit, or, alternatively, to issue a certified question to the Georgia Supreme Court.

Although the Order sufficiently supported its analysis with respect to deciding whether the equipment Plaintiff sells

is "primarily designed for or used in agriculture," further clarification is in order to explain why "other such equipment which is considered tax exempt" involves a question of fact that cannot be answered through summary judgment.

**A. Other Such Equipment Which is Considered Tax Exempt**

Plaintiff insists that O.C.G.A. § 13-8-12(6) creates four categories of equipment that are regulated by the Agriculture Act: (1) tractors, (2) farm equipment, or (3) equipment primarily designed for or used in agriculture, horticulture, irrigation for agriculture or horticulture, and (4) other such equipment which is considered tax exempt and sold by the franchised equipment dealer. As explained in the Order, Plaintiff's interpretation ignores the conjunction "or" separating "farm equipment" and "equipment primarily designed," and the absence of such a conjunction between "horticulture" and "irrigation." It also ignores the word "such," which appears to create a subset of "equipment primarily designed for or used in agriculture, horticulture, irrigation for agriculture or horticulture."

Nevertheless, even accepting Plaintiff's interpretation, Plaintiff would still need to prove that its equipment is considered tax exempt. Pursuant to Georgia's agricultural tax exemption, O.C.G.A. § 48-8-3.3, whether a piece of equipment is tax exempt depends on how that equipment is used. To support its Motion for Partial Summary Judgment, Plaintiff

3

cited to the testimony of Brett Arrowood, who is a manager at GJ&L, Inc. (Arrowood Aff., Doc. No. 17-2.) Mr. Arrowood testified that seventy-two percent of its sales are to customers who use a Georgia Agricultural Tax Exemption ("GATE") card. While this evidence is persuasive, it does not conclusively establish that the equipment Plaintiff sells is used for an exempt purpose and therefore is considered tax exempt.

Although it seems unlikely that seventy-two percent of Plaintiff's customers are using their GATE cards for non-exempt purposes, Defendant put forward evidence showing just that. Defendant's Electronic Settlement System shows that over ninety-eight percent of the equipment Plaintiff sold was used by customers for non-agricultural purposes and therefore not considered tax exempt pursuant to O.C.G.A. § 48-8-3.3. (Doc. No. 19-1, ¶¶ 14-16.) Because both parties have supported their opposing claims with evidence, the Court cannot find that Planitiff's equipment is considered tax exempt without engaging in a credibility determination, which is not appropriate for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

**B. Interlocutory Review Under 28 U.S.C. § 1292(b)**

Turning to the pending motion, pursuant to 28 U.S.C. § 1292(b), a district court may certify an issue for

4

interlocutory review when that issue deals with "(1) pure questions of law, (2) which are controlling of at least a substantial part of the case, (3) and which are specified by the district court in its order, (4) and about which there are substantial grounds for difference of opinion, (5) and whose resolution may well substantially reduce the amount of litigation necessary on remand." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1264 (11th Cir. 2004). Yet, even when these conditions have been met, interlocutory review is the "rare exception." Id. Indeed, the Supreme Court discussed the danger of abusing interlocutory appeal in Johnson v. Jones, 515 U.S. 304 (1995), where it remarked that:

> The statute recognizes that rules that permit too many interlocutory appeals can cause harm. An interlocutory appeal can make it more difficult for trial judges to do their basic job—supervising trial proceedings. It can threaten those proceedings with delay, adding costs and diminishing coherence. It also risks additional, and unnecessary, appellate court work either when it presents appellate courts with less developed records or when it brings them appeals that, had the trial simply proceeded, would have turned out to be unnecessary.

Id. at 309.

Plaintiff provides no cases that deal with similar language or grammatical rules of construction that support its interpretation. Instead, Plaintiff puts forward arguments the Court has already considered and contends that the lack of prior case law justifies interlocutory review. "Neither the mere lack of authority on the issue nor the claim that the

5

district court's ruling is incorrect constitutes a substantial ground for difference of opinion." Flint Riverkeeper, Inc. v. S. Mills, Inc., 261 F. Supp. 3d 1345, 1347 (M.D. Ga. 2017); Great N. Ins. Co. v. Honduras Outreach, Inc., 2009 WL 10670918, at *1 (N.D. Ga. Feb. 12, 2009). Because Plaintiff has failed to demonstrate that there is substantial ground for a difference of opinion, interlocutory review is inappropriate.

**B. Certification to the Georgia Supreme Court**

In the alternative, Plaintiff asks the Court to certify this question to the Georgia Supreme Court. Federal courts may certify "novel, unsettled questions of state law" to a state's highest court for resolution. Arizonans for Official English v. Arizona, 520 U.S. 43, 76-77 (1997). Georgia law provides such a mechanism if "there are no clear controlling precedents in the decisions[.]" O.C.G.A. § 15-2-9. Certification is not mandatory, however, and "[i]ts use in a given case rests in the sound discretion of the federal court." Lehman Bros. v. Schein, 416 U.S. 386, 390-91 (1974). Indeed, the Eleventh Circuit has instructed courts to refrain from certification unless it is necessary "to avoid making unnecessary state law guesses." Forgione v. Dennis Pirtle Agency, Inc., 93 F.3d 758, 761 (11th Cir. 1996). Although the language in the Agriculture Act is not entirely clear and

there is no Georgia case on point, the Order relies on traditional rules of grammar, which is a principle of construction adopted by the Georgia Supreme Court. Deal v. Coleman, 751 S.E.2d 337, 341 (Ga. 2013). Accordingly, the Order does not amount to a "state law guess[]." Certification pursuant to O.C.G.A. § 15-2-9 is therefore inappropriate.

Upon due consideration, Plaintiff's Motion for Interlocutory Appeal, or, Alternatively, Certification to the Georgia Supreme Court (doc. no. 51) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of August, 2018.

_____
UNITED STATES DISTRICT JUDGE