FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 MAY 29 PM 4:28
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

GJ&L, INC.,

    Plaintiff,

v.      CV 117-179

CNH INDUSTRIAL AMERICA, LLC,

    Defendant.

**O R D E R**

Before the Court are Plaintiff and Defendant's respective motions to seal. (Doc. Nos. 88, 90.) The parties filed cross motions for summary judgment (doc. nos. 83, 87) and each seeks to seal certain evidentiary submissions to protect confidential and proprietary information.

The right to access judicial records pursuant to common law is well established. See, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and copying of court records and documents. Nixon, 435 U.S. at 597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Super. Ct. for Norfolk Cty., 457 U.S. 596, 598 (1982). A party that wants to file a document under seal must demonstrate good cause. Chi. Tribune Co. v.

Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001) When deciding whether to grant a motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party. Id. at 1311; Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). Courts consider, among other things:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005). Protecting a "party's privacy or proprietary interest in information" may establish good cause to seal a document. See id. (citing Nixon, 435 U.S. at 598).

Further, Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal. This Court does not allow the automatic filing of documents under seal. Rather, a "person desiring to have any matter placed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public inspection." L.R. 79.7.

Defendant's motion asks the Court to seal Exhibits 1 and 2 to the Affidavit of Sriyani Fernando. (Doc. No. 87-3.) These documents are excerpts from Defendant's Dealer Operating Guide and

2

contain proprietary information, including information regarding its warranty audit process. Defendant contends that public dissemination of this information could result in a competitive disadvantage.[1] The Court concludes that the need to seal the Dealer Operating Guide outweighs the public interest in accessing the documents.

As to Plaintiff's motion, it requests the Court seal the Dealer Operating Guide and internal CNH communications containing confidential business discussions, which are Exhibits 16 and 18 to Rhonda Monks's first deposition. (Doc. No. 84-1.) In fact, the Dealer Operating Guide contains the same documents that Defendant's motion seeks to seal. Plaintiff further moves to seal the Dealer Operating Guide's Table of Contents, which was Exhibit 35 to the deposition of Brett Arrowood. (Doc. No. 84-3.) Like Defendant, Plaintiff argues that these documents contain confidential and proprietary information that could result in a competitive disadvantage for both parties if they are made publicly available. Accordingly, Plaintiff has also demonstrated good cause to seal these documents.

Based on the foregoing, Defendant's motion to seal (doc. no. 88) and Plaintiff's motion to seal (doc. no. 90) are both **GRANTED**. The Clerk is hereby **DIRECTED** to file the following documents **UNDER**

---

[1] The Court previously sealed the 2008 and 2010 Dealership Agreements between the parties for the same reason. (See Order of Jan. 4, 2018, Doc. No. 9.)

3

**SEAL** until further order of this Court: Exhibits 1 and 2 to the Affidavit of Sriyani Fernando (doc. no. 87-3); the Dealer Operating Guide and Internal CNH Employee Communications relied upon by Rhonda Monks in her deposition (doc. no. 84-1); and the Dealer Operating Guide Table of Contents relied upon by Brett Arrowood in his deposition (doc. no. 84-3).

**ORDER ENTERED** at Augusta, Georgia, this 29th day of May, 2019.

_____
UNITED STATES DISTRICT JUDGE