FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 JUN 13 PM 1:38
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
GJ&L, INC.,                      *
                                 *
     Plaintiff,                  *
                                 *
     v.                          *     CV 117-179
                                 *
CNH INDUSTRIAL AMERICA, LLC,     *
                                 *
     Defendant.                  *
```

**O R D E R**

Before the Court is the parties' consent motion to seal. (Doc. No. 95.) Both parties seek to file under seal a document titled "Dealer Warranty Audits: Standard Resolutions to Common Audit Findings" attached as Exhibit C to Plaintiff's response to Defendant's motion for summary judgment (doc. no. 94-3), an email thread titled "Re: FW: Warranty Audit Response" attached as Exhibit D to Plaintiff's response to Defendant's motion for summary judgment (doc. no. 94-4), and an email titled "Warranty Audit Question" attached as Exhibit A to Plaintiff's response to Defendant's motion for summary judgment (doc. no. 94-1).

The right to access judicial records pursuant to common law is well established. See, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and copying of court records and documents. Nixon, 435 U.S. at

597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Super. Ct. for Norfolk Cty., 457 U.S. 596, 598 (1982). A party that wants to file a document under seal must demonstrate good cause. Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001) When deciding whether to grant a motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party. Id. at 1311; Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). Courts consider, among other things:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2005). Protecting a "party's privacy or proprietary interest in information" may establish good cause to seal a document. See id. (citing Nixon, 435 U.S. at 598).

Further, Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal. This Court does not allow the automatic filing of documents under seal. Rather, a "person desiring to have any matter placed under seal shall present

a motion setting forth the grounds why the matter presented should not be available for public inspection." L.R. 79.7.

The consent motion to seal argues the two emails contain Defendant's confidential internal communications and business decisions regarding the warranty audit process. Further, the document titled "Dealer Warranty Audits: Standard Resolutions to Common Audit Findings" contains proprietary information about Defendant's warranty audit procedures. Public dissemination of these documents could result in a competitive disadvantage for both Plaintiff and Defendant. Accordingly, the Court concludes that the need to seal the filings outweighs the public interest in accessing the documents.

Based on the foregoing, the parties' consent motion to seal (doc. no. 95) is **GRANTED**. The Clerk is hereby **DIRECTED** to file the following documents **UNDER SEAL** until further order of this Court: "Dealer Warranty Audits: Standard Resolutions to Common Audit Findings" (doc. no. 94-3), "Re: FW: Warranty Audit Response" (doc. no. 94-4), and "Warranty Audit Question" (doc. no. 94-1).

**ORDER ENTERED** at Augusta, Georgia, this 13th day of June, 2019.

_____
UNITED STATES DISTRICT JUDGE